IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LITITZ MUTUAL INSURANCE COMPANY,
Subrogee of High Prairie Holdings, and
TONY SIMANOWITZ,

      Plaintiffs,

    v.                       Case No. 10-2100–GLR

LINDA TYLER,

      Defendant.

## MEMORANDUM AND ORDER

The Court has for consideration Plaintiff's Motion to Strike Defendant's Second and Third

Affirmative Defenses (doc. 9). Plaintiff Lititz Mutual Insurance Company ("Lititz") moves to strike

two of Defendant's affirmative defenses as insufficient, pursuant to Fed. R. Civ. P. 12(f). It asks the

Court to strike the second affirmative defense, which asserts that Defendant is an insured under the

insurance policies by which Plaintiff claims its rights of subrogation. The motion also seeks to strike

the third affirmative defense, in which Plaintiff asserts she is an implied co-insured under Kansas

law. As set forth below, the Court denies the motion.

**I.**    **Facts**

Plaintiff Lititz Mutual Insurance Company seeks to recover its payment of insurance,

following a residential house fire in Shawnee, Kansas, on October 16, 2008. At the time of the fire

Defendant Linda Tyler was living in the house with Tony Simanowitz ("Simanowitz") and their two

children. Simanowitz and Tyler are not married, but have lived together essentially uninterrupted

for nearly ten years. Simanowitz is married to another woman, but legally separated from her.

Defendant considers the home where the fire occurred to be her primary residence.

In its supporting memorandum Plaintiff suggests the following facts and attaches a number of supporting documents: Before the fire, Plaintiff issued a policy of insurance to High Prairie Holdings, Inc. ("High Prairie"). The insurance policy provided coverage for damages to the real property involved in the fire loss. Plaintiff also issued a policy of insurance to Simanowitz, which provided coverage for damages to his personal property and additional living expenses. The policy of insurance Plaintiff issued to High Prairie names High Prairie Holdings, Inc. as the only named insured. The policy of insurance issued to Simanowitz lists him as the only named insured. In both policies the terms "you" and "your" refer to the "named insured" shown in the Declarations and the spouse, if a resident of the same household. The policies also define "insured" as follows:

3. "Insured" means you and residents of your household who are:
a. Your relatives;
b. Other persons under the age of 21 and in the care of any person named above.

As a result of the damages caused by the subject fire and pursuant to the terms of the policies, Plaintiff paid to its insured High Prairie the amount of $393,200.00. It paid Simanowitz $159,501.60. Plaintiff alleges that its payments thus total $552,701.60, which it seeks to recover against Defendant.

Plaintiff discovered that Defendant had liability insurance coverage in the amount of $300,000.00 at the time of the fire loss. In this subrogation action, it alleges that Defendant was negligent in placing groceries on the top of a stove and thus caused the fire. Defendant asserts three affirmative defenses in her Answer (doc. 6). Her second affirmative defense alleges that she is an insured under the provisions of the policies issued to Simanowitz. More specifically, she contends that, as a resident of the insured premises with Simanowitz and their children, she is also an insured under the policies and, consequently, that no right of subrogation exists against her under Kansas

law.[1]  For her third affirmative defense Defendant asserts that Plaintiff has no right of subrogation

against her, because she is an implied co-insured of the named policyholders under Kansas law.[2]

## II.    Discussion

Plaintiff requests an order striking Defendant's second and third affirmative defenses as

legally insufficient, pursuant to Fed. R. Civ. P. 12(f).   It claims there is no factual or legal basis to

support them.  It also contends that the policies are clear and unambiguous as to who qualifies as

an insured.  It argues that Defendant is not an "insured" under the insurance issued either to High

Prairie or to Simanowitz, because she is neither a spouse nor relative of either named insured.

Finally it contends that no factual or legal basis exists to support her assertion that she is an implied

co-insured.

Federal Rule of Civil Procedure 12(f) permits the court to "strike from a pleading an

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A defense

is considered to be insufficient if it cannot succeed, as a matter of law, under any circumstances.[3]

Motions to strike will not be granted unless the insufficiency of the defense is clearly apparent and

no factual issues exist that should be determined in a hearing on the merits.[4]  In diversity cases, the

legal sufficiency of a defense is determined under the applicable state substantive law, although the

---

[1]Def.'s Answer to Pl.'s Compl. (doc. 6), p. 3.

[2]*Id.* at p. 4.

[3] *Hayne v. Green Ford Sales, Inc.,* 263 F.R.D. 647, 648-49 (D. Kan. 2009) (citing *Resolution Trust Corp. v. Tri-State Realty Investors of K.C., Inc.*, 838 F. Supp. 1448, 1450 (D. Kan. 1993); *U.S. ex rel. Smith v. Boeing Co.*, Civ. Action No. 05-1073-WEB, 2009 WL 2486338, at *3 (D. Kan. Aug. 13, 2009); *Wilhelm v. TLC Lawn Care, Inc.*, Civ. A. No. 07-2465-KHV, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008)).

[4]*Id.* at 649.

federal rules control the sufficiency of the manner in which the defense is pleaded and the procedure for raising a question as to its sufficiency by motion.[5]  A motion to strike an affirmative defense as insufficient is disfavored as a drastic remedy.[6]

The purpose of Rule 12(f) is to minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial.[7]  The decision to strike an affirmative defense rests within the sound discretion of the district court.[8]

Defendant argues that the motion should be denied because there are factual issues that preclude striking her defenses.  She characterizes the motion as an attempt to establish the undisputed facts and adjudicate the legal effect of the provisions of the insurance policies and thus obtain summary judgment, rather than to address the adequacy of her pleading of affirmative defenses.  She asserts that important factual and legal arguments related to her affirmative defenses have not yet been developed, because no discovery has yet been conducted.  Defendant argues that the language of the insurance contracts, as well as the facts regarding her living arrangements are still undetermined.  Defendant states in response that she was not provided certified copies of the two insurance policies attached to the motion and thus has not had opportunity to examine them to determine if other provisions of the policy are at issue.  She asks the Court to deny the motion as premature and inconsistent with standards of notice pleading.

---

[5]5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381 (3d ed. 1995).

[6]*Wilhelm*, 2008 WL 474265, at *2 (citing *CSU Holdings, Inc. v. Xerox Corp.*, No. 94-2102, 1995 WL 261158, at *1 (D. Kan. April 5, 1995)).

[7]*Resolution Trust Corp. v. Fleischer*, 835 F. Supp. 1318, 1320 (D. Kan. 1993).

[8]*Scherer v. United States Dep't of Educ.*, 78 Fed. Appx. 687, 689 (10th Cir. 2003).

The Court finds that Plaintiff has failed to show that Defendant's second and third affirmative defenses cannot succeed, as a matter of law, under any circumstances. Plaintiff's motion assumes that there are undisputed facts that, as a matter of law, compel a finding that Defendant is neither an insured nor an implied co-insured under either policy. Plaintiff treats its submission of facts, however, as if Defendant has admitted them or as if they are otherwise indisputable. The answer of Defendant either denies virtually all the facts asserted in the complaint, except for jurisdictional facts, or else states that Defendant has insufficient information to admit or deny them. Defendant has thus not admitted the accuracy or adequacy of the insurance policies attached to the motion. Plaintiff did not attach the policies to its complaint. It represents that the policies attached to its motion are accurate copies of the policies. But Defendant has not admitted that. In her response to the motion, she specifically questions whether Plaintiff has attached the policies in their entirety and suggests that sections are missing. She contends that, prior to the filing of the motion to strike, she was not provided with certified copies of the policies, and thus has had no opportunity to review them.

Plaintiff's motion to strike invokes Fed. R. Civ. P. 12(f). It does not seek summary judgment under Rule 56. A motion to strike part of a pleading addresses the facial adequacy of what is pled, not the adequacy of evidence to support it. The Court does not find that Plaintiff has referred to any admission or other response to discovery by which Defendant has bound herself to the accuracy or adequacy of the insurance policies provided with its motion. Where are the original policies? Who possesses them? Plaintiff? The named insureds? Federal Rules of Evidence, of course, do not require originals of documents in all circumstances. But the rules also contain requirements for using duplicates or other evidence of contents in lieu of originals. With its reply memorandum

Plaintiff has produced "certified" copies of its policies.  Such copies may indeed be common tender within the insurance industry and often acceptable by agreement of the parties.  But without such agreement the Court does not substitute practices of the industry for requirements that documents be adequately authenticated by testimony, affidavit, or admission recognized by federal rules.  Nor can the Court assume that a party–insurer or otherwise–has assembled from its records an accurate duplicate of its insurance policy.  Periodic changes in declaration pages, amendments, and endorsements can occur.  Consequently, the party with the burden for proving the policy must show that the document it produces is indeed the one in force on the date of loss.  The certified copies exhibited by Plaintiff appear to do that, notwithstanding any inadequacy of foundational support under federal rules.

Plaintiff may ultimately prevail against the second and third affirmative defenses.  But it is premature for the Court to make that determination at this stage of the case.  Given the general disfavor of motions to strike, the Court declines to strike the second and third affirmative defenses from the answer.  Plaintiff may choose to challenge those defenses at an appropriate time by dispositive motion.  These questions should be decided only after further development of the record, consistent with the foregoing suggestions.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Strike Defendant's Second and Third Affirmative Defenses (doc. 9) is denied, as set forth herein.

Dated this 8th day of September 2010, at Kansas City, Kansas.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
U.S. Magistrate Judge